KM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Tracy Romero Foley, | ) | No. CV 1-08-769-DCB |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| K.M. Gerstel, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Tracy Romero Foley, who is confined in the California State Prison-Corcoran, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). This case was reassigned to the undersigned judge on November 24, 2008. The Court will dismiss the Complaint with leave to amend.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

JDDL-K

1  (*en banc*).

2  The Court should not, however, advise the litigant how to cure the defects. This type
3  of advice "would undermine district judges' role as impartial decisionmakers." Pliler v.
4  Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide
5  whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint
6  will be dismissed for failure to state a claim, with leave to amend because the Complaint may
7  possibly be saved by amendment.

8  **II.    Complaint**

9  Plaintiff names Dentist K. M. Gerstel and Warden Ken Clark, who are employed at
10 the California State Prison-Corcoran, as Defendants in the Complaint.

11 Plaintiff raises one claim for relief. Plaintiff claims that Defendant Gerstel told
12 Plaintiff he didn't "have time for [] answers and what [did Plaintiff] need done" and before
13 Plaintiff could lay back in the chair "pushed [Plaintiff] down by [his] forehead." Plaintiff
14 states that Plaintiff moved to his left and told Defendant Gerstel not to push his head.
15 Plaintiff states that Defendant Gerstel then told Plaintiff that he "did not have time for
16 [Plaintiff's] bull shit" and went over to another inmate.

17 Plaintiff seeks money damages.

18 **III.   Failure to State a Claim**

19 **A.    Defendant Clark**

20 To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
21 injury as a result of specific conduct of a defendant and show an affirmative link between
22 the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377
23 (1976). To state a claim against a supervisory official, the civil rights complainant must
24 allege that the official personally participated in the constitutional deprivation or that a
25 supervisory official was aware of widespread abuses and with deliberate indifference to the
26 inmate's constitutional rights, failed to take action to prevent further misconduct. King v.
27 Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see Monell v. New York City Department of
28 Social Services, 436 U.S. 658, 691 (1978). There is no *respondeat superior* liability under

1  § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly
2  violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. 658;
3  Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040,
4  1045 (9th Cir. 1989).

5       Plaintiff does not allege that Defendant Clark personally participated in the
6  deprivation of Plaintiff's constitutional rights, was aware of widespread abuses and, with
7  deliberate indifference, failed to act, or that Defendant Clark formed policies that resulted
8  in Plaintiff's injuries. In fact, Plaintiff makes no allegations at all against Defendant Clark.
9  Plaintiff has therefore failed to state a claim against Defendant Clark.

10      **B.**    **Medical Claims**

11       In order to recover under § 1983, a plaintiff must show: (1) the violation of a right
12  protected by the Constitution or federal law; (2) that was proximately caused; (3) by conduct
13  of a "person" named as a defendant; (4) acting under color of state law. See Crumpton v.
14  Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff has not alleged a violation of a
15  constitutional right in his claim.

16       To maintain a claim under the Eighth Amendment based on prison medical treatment,
17  a prisoner must show deliberate indifference to serious medical needs. Estelle v. Gamble,
18  429 U.S. 97, 104 (1976). To act with deliberate indifference, a prison official must both
19  know of and disregard an excessive risk to inmate health. Farmer v. Brennan, 511 U.S. 825,
20  837 (1994). The official must both be aware of facts from which the inference could be
21  drawn that a substantial risk of serious harm exists and he must also draw the inference. Id.
22  This subjective approach focuses upon the mental attitude of the defendant. Id. at 839.

23       "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
24  1060 (9th Cir. 2004). In the medical context, deliberate indifference may be shown by (1) a
25  purposeful act or failure to respond to a prisoner's pain or possible medical need and
26  (2) harm caused by the indifference. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)
27  (citing Estelle, 429 U.S. at 104).

28       Medical malpractice or negligence is insufficient to establish a violation. Toguchi,

1  391 F.3d at 1060.  Thus, mere negligence in diagnosing or treating a condition does not
2  violate the Eighth Amendment.  Toguchi, 391 F.3d at 1057.  Also, an inadvertent failure to
3  provide adequate medical care alone does not rise to the Eighth Amendment level.  Jett, 429
4  F.3d at 1096.  A difference in medical opinion also does not amount to deliberate
5  indifference.  Toguchi, 391 F.3d at 1058.  To prevail on a claim involving choices between
6  alternative courses of treatment, a prisoner must show that the chosen course was medically
7  unacceptable under the circumstances and was chosen in conscious disregard of an excessive
8  risk to the prisoner's health.  Id.

9       Plaintiff has failed to allege facts sufficient to state an Eighth Amendment medical
10 deliberate indifference claim.  Plaintiff has not described the nature of his dental needs and
11 it is therefore impossible for the Court to assess whether Defendant Gerstel failed to respond
12 to an excessive risk to Plaintiff's health.  Further, Plaintiff has failed to describe what injury,
13 if any, he suffered as a result of Defendant Gerstel's actions.  Plaintiff has therefore failed
14 to state a claim.

15 **IV.    Leave to Amend**

16      For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
17 a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first
18 amended complaint on the form provided with this Order.  If Plaintiff fails to use the form
19 provided with this Order, the Court may strike the amended complaint and dismiss this action
20 without further notice to Plaintiff.

21      Plaintiff must clearly designate on the face of the document that it is the "First
22 Amended Complaint."  The amended complaint must be retyped or rewritten in its entirety
23 on the form provided with this Order and may not incorporate any part of the original
24 Complaint by reference.

25      Plaintiff must comply with the instructions provided with the form.  Plaintiff should
26 pay close attention to the instructions provided with the form.  If Plaintiff fails to comply
27 with the instructions provided with the form, the Court may strike the amended complaint
28 and dismiss this action without further notice to Plaintiff.

1    Among other requirements contained in the instructions, Plaintiff is advised that the
2 instructions require him to provide information regarding the Court's jurisdiction, provide
3 information about the defendants, and divide his lawsuit into separate counts. In each count,
4 Plaintiff must identify what federal constitutional civil right was violated, identify the issue
5 most closely involved in that count, state which defendants violated that right and what those
6 defendants did to violate that right, explain how Plaintiff was injured by the alleged violation
7 of the constitutional right, and identify whether Plaintiff has exhausted any available
8 administrative remedies. Plaintiff must repeat this process for each civil right that was
9 violated. Plaintiff may allege only one claim per count.

10    A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
11 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
12 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as
13 nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original
14 complaint is waived if it is not raised in a first amended complaint. King, 814 F.2d at 567.

15 **V.    Warnings**

16    **A.    Address Changes**

17    Plaintiff must file and serve a notice of a change of address in accordance with Rule
18 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include
19 a motion for other relief with a notice of change of address. Failure to comply may result
20 in dismissal of this action.

21    **B.    Copies**

22    Plaintiff must submit an additional copy of every filing for use by the Court. See
23 LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further
24 notice to Plaintiff.

25    **C.    Possible "Strike"**

26    Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails
27 to file an amended complaint correcting the deficiencies identified in this Order, the
28 dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

JDDL-K                                      - 5 -

1    Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil
2    judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior
3    occasions, while incarcerated or detained in any facility, brought an action or appeal in a
4    court of the United States that was dismissed on the grounds that it is frivolous, malicious,
5    or fails to state a claim upon which relief may be granted, unless the prisoner is under
6    imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

   **D.    Possible Dismissal**

      If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

   (1)    The Complaint (Doc. #1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file an amended complaint in compliance with this Order.

   (2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

   (3)    The Clerk of Court must include with this Order a copy of this judge's required form for filing a civil rights complaint by a prisoner.

      DATED this 18th day of February, 2009.

                                    David C. Bury
                                    United States District Judge