# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tracey Romero Foley, ) | No. CV 1-08-769-DCB |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| K. M. Gerstel, et al., ) | |
| Defendants. ) | |

Plaintiff Tracey Romero Foley, who is confined in the California Substance Abuse Treatment Facility in Corcoran, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On February 18, 2009, the Court dismissed the Complaint with leave to amend. On March 6, 2008, Plaintiff filed an Amended Complaint (Doc. #8). The Court will order Defendant Ancheta to answer Count II of the Amended Complaint and will dismiss the remaining claim and Defendant without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Amended Complaint

Plaintiff names Dentist K.M. Gerstel and Dentist M. Ancheta, who are both employed at the California Substance Abuse Treatment Facility, as Defendants in the Amended Complaint.

Plaintiff raises two grounds for relief. In Count I, Plaintiff claims that Defendant Gerstel "assaulted [him] by putting his hand on [Plaintiff] and forcing [Plaintiff] into [a] chair."

In Count II, Plaintiff claims that Defendant Ancheta violated Plaintiff's Eighth Amendment rights when she failed to schedule Defendant for a dental procedure for over one year, which resulted in Plaintiff experiencing sores, bleeding gums, abscesses in his mouth, and pain for more than a year. Plaintiff seeks money damages.

## III. Failure to State a Claim

In order to recover under § 1983, a plaintiff must show: (1) violation of a right protected by Constitution or federal law; (2) that was proximately caused; (3) by conduct of a "person" named as a defendant; (4) acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

In Count I, Plaintiff alleges that Defendant Gerstel "assaulted" him by pushing him back into a chair. Plaintiff states that he then told Defendant Gerstel not to touch him and that Defendant Gerstel replied, "I don't need this bull shit and when you decide what you want, I will assist you." Plaintiff states that he was then sent away without treatment. Plaintiff has not alleged that Defendant Gerstel's conduct violated Plaintiff's constitutional rights or the laws of the United States. Assault is a state law tort claim and may not be brought in a § 1983 action. Moreover, Plaintiff has not alleged facts sufficient for the Court to construe an Eighth Amendment violation because Plaintiff has not alleged that Defendant Gerstel knew of and disregarded an excessive risk to Plaintiff's health. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). Accordingly, the Court will dismiss Count I for failure to state a claim.

## IV. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff's allegations in Count II adequately state a claim against Defendant Ancheta and the Court will require Defendant Ancheta to answer Count II.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count I and Defendant Gerstel are **dismissed** without prejudice.

(2) Defendant Ancheta must answer Count II of the Amended Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #8), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendant Ancheta.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each

| | |
|---|---|
| 1 | Defendant, and a completed USM-285 for each Defendant. |
| 2 | (5) Plaintiff must not attempt service on Defendants and must not request waiver |
| 3 | of service. Once the Clerk of Court has received the Notice of Submission of Documents |
| 4 | and the required documents, the Court will direct the United States Marshal to seek waiver |
| 5 | of service from each Defendant or serve each Defendant. |
| 6 | (6) **If Plaintiff fails to return the Notice of Submission of Documents and the** |
| 7 | **required documents within 30 days of the date of filing of this Order, the Clerk of Court** |
| 8 | **must, without further notice, enter a judgment of dismissal of this action without** |
| 9 | **prejudice.** See **Fed. R. Civ. P. 41(b).** |
| 10 | DATED this 8th day of April, 2009. |

David C. Bury
United States District Judge