**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Tracy Foley,                        )
                                    ) CV-08-769-DCB P
    Plaintiff,                  )
                                    )
vs.                                 )
                                    ) **ORDER**
K.M. Gerstel, et al.,               )
                                    )
    Defendants.                 )
_____)

Plaintiff, a state prisoner proceeding *pro se,* filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Finding the complaint, liberally construed, stated cognizable claims, the Court ordered service upon Defendants. On July 29, 2009, Defendants filed a motion to dismiss for Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).[1] Plaintiff filed an opposition to the motion and Defendant filed a reply. For the reasons discussed below, the Court will grant the motion and dismiss the action without prejudice.

**BACKGROUND**

Plaintiff was incarcerated at the California Substance Abuse and Treatment Facility (SATF). Plaintiff alleges that he was seen by Defendant Ancheta (a dentist at SATF) on June 26, 2006, in response to

---

[1] This motion was timely filed, consequently the Plaintiff's request for default (Doc. No. 15) is denied.

1

the administrative grievance that he filed. Plaintiff allegedly begged Defendants to pull his tooth and Defendants allegedly told Plaintiff that he would be seen by a dentist within two weeks if he dropped his administrative grievance. Because of this assurance, he claims he withdrew his administrative appeal. Plaintiff allegedly waited in pain for over a year to be seen by a dentist. Plaintiff claims that this delay resulted from Defendants' failure to schedule him for a dental procedure. Plaintiff filed two appeals relating to his dental treatment at SATF. Plaintiff withdrew the first grievance on June 26, 2006, when he was put on the waiting list for treatment. He filed another appeal on June 24, 2007, stating that, on May 9, 2007, Defendant Ancheta, after examining him and performing x-rays, determined that he needed extensive treatment and made Plaintiff's treatment "high-priority." He stated that Defendant has noted that he had been on the waiting list for over a year.

Plaintiff filed no other grievances relating to his dental care.

**DISCUSSION**

The Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo,* 548 U.S. 81 (2006) (citing *Booth v. Churner,* 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Id.*

2

Even when the relief sought cannot be granted by the administrative process, *i.e.,* monetary damages, a prisoner must still exhaust administrative remedies. *Id.* at 2382-83 (citing *Booth,* 532 U.S. at 734).

"The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Id.* at 2387. Therefore, the PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. *Id.* "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 2386 (footnote omitted). In other words, the PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 2382. Furthermore, administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief. *See generally O'Guinn v. Lovelock Correctional Center,* 502 F.3d 1056, 1062-63 (9th Cir.2007).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal.Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level

3

appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. *Id.* § 3084.5; *Barry v. Ratelle,* 985 F.Supp. 1235, 1237 (S.D.Cal.1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38. A prisoner need not proceed further and also exhaust state judicial remedies. *Jenkins v. Morton,* 148 F.3d 257, 259-60 (3d Cir.1998).

Although Federal Rule of Civil Procedure 12 does not explicitly address exhaustion, the Ninth Circuit has held that the failure to exhaust nonjudicial remedies "should be treated as a matter in abatement subject to an unenumerated Rule 12(b) motion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Authority for the "unenumerated" 12(b) motion derives from this Court's inherent power to regulate actions, including authorizing motions not explicitly recognized by the rules. *Ritza v. Int'l Longshoremen's and Warehousemen's Union,* 837 F.2d 365, 369 (9th Cir. 1988). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt,* 315 F.3d at 1119-1120. Because no presumption of truthfulness attaches to plaintiff's allegations in such matters, the court may resolve any disputed material facts before proceeding further. *Ritza*, 837 F.2d at 368-69. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice. *Wyatt*, 315 F.3d at 1120.

The State of California provides its prisoners and parolees the right to administratively appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting

4

1 their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust
2 available administrative remedies, a prisoner must proceed through an
3 initial informal level, and three formal levels of review, culminating
4 in a Director's Level Decision. *Id.* at § 3084.5; *Barry v. Ratelle*, 985
5 F. Supp. 1235, 1237 (S.D. Cal.1997). A final decision at the Director's
6 level satisfies the exhaustion requirement under § 1997e(a). *Id.* at 1237-
7 38.

8 Under *Wyatt* and *Ritza*, this Court may properly look to the
9 declarations of R. Hall, SATF Appeals Coordinator, and N. Grannis, Chief
10 of the Inmate Appeals Branch. These declarations show that Plaintiff
11 failed to file a grievance that would put Defendants on notice that
12 Defendant Ancheta obstructed Plaintiff's ability to be seen by a dentist.
13 Plaintiff is required to file an appeal even if he believes doing so
14 would be futile, in that the appeal would not be accepted. *Jernigan v.
15 Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). Plaintiff's appeal,
16 additionally, would not have been be duplicative as it would have been
17 a staff complaint, not a request for services, relating to the fact that
18 Defendant Ancheta failed to schedule him for an appointment after she
19 assured him that she would.

20 Plaintiff's second appeal relating to his dental treatment was
21 exhausted at the Director's level on March 25, 2008. In this appeal
22 Plaintiff states that Defendant Ancheta examined him on May 9, 2007, that
23 she believed he needed "priority treatment" and that she noted he had
24 been on the waiting list for over a year. Plaintiff additionally states,
25 when appealing to the formal level, that if he had not run into Defendant
26 Ancheta he would still be on the waiting list. This is not enough to put
27 Defendants on notice that Defendant Ancheta obstructed Plaintiff's access
28

to dental treatment by failing to schedule him for a dental procedure.

A prisoner must exhaust his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir. 2002). Plaintiff did not fully exhaust this claim at the time he filed the complaint.

**CONCLUSION**

Having considered all the evidence submitted by both parties, the Court finds that Defendants have met their burden to demonstrate that Plaintiff failed to exhaust available administrative remedies. The proper remedy is dismissal without prejudice. *Wyatt,* 315 F.3d at 1119-20. Based on the Court's finding that Plaintiff did not exhaust the available administrative remedies prior to filing suit, the Court does not reach Defendants' other arguments.

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss (Doc. No. 14) is GRANTED. This action is DISMISSED without prejudice and CLOSED.

DATED this 25th day of August, 2009.

David C. Bury
United States District Judge